IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

PARKVIEW POINT CONDOMINIUM
ASSOCIATION INC.
A Florida corporation

      Plaintiff,

v.

QBE INSURANCE CORPORATION
A Pennsylvania corporation,

      Defendant.

_____/

## COMPLAINT

Plaintiff Parkview Point Condominium Association Inc., by and through undersigned counsel hereby sues Defendant QBE Insurance Corporation and alleges:

### I. PARTIES JURISDICTION AND VENUE

1.    This is an action for declaratory relief concerning Plaintiff's rights under an insurance policy brought pursuant to section 86.011, *et. seq.* Florida Statutes. Plaintiff seeks indemnity and other benefits in excess of $75,000.

2.    Plaintiff is a Florida, not-for-profit corporation, operating as a condominium association. Plaintiff owns and operates a condominium property located in Miami-Dade County, Florida.

3.    Defendant QBE Insurance Corporation, (hereinafter QBE), is a Pennsylvania corporation with its principle place of business in the State of New York.

1

4.      Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, this Court has jurisdiction over this action pursuant to 28 U.S.C § 1332.

5.      The actions and omissions described in this Complaint occurred in Miami-Dade County, Florida. Accordingly, venue is proper in the Southern District of Florida.

## II. FACTUAL ALLEGATIONS

6.      QBE is engaged in the business of selling property insurance policies to condominium associations throughout the State of Florida.

7.      All of the insurance policies that QBE issued that provide property coverage for condominium buildings and that were in effect during the year 2005 include standard, numbered, forms and endorsements describing the type of coverage provided and setting forth the parties' respective rights and obligations.

8.      Plaintiff purchased a QBE insurance policy numbered QF2803-07, insuring its condominium property described in the QBE insurance policy's declarations page.

9.      On October 24th, 2005, while the above referenced policy was in full force and effect, Hurricane Wilma struck South Florida.

10.     Hurricane Wilma damaged Plaintiff's insured condominium property.

11.     The damages to Plaintiff's property caused by Hurricane Wilma included, but were not limited to, damage to windows, sliding glass doors, and to roofs.

12.     Plaintiff promptly notified QBE of its Hurricane Wilma loss.

13.     Damages caused by a hurricane are covered under the subject QBE insurance policy.

14. On or before October 27th, 2005, QBE received actual notice of Plaintiff's loss and assigned it claim number 5P188853W-01.

15. QBE has entered into an arrangement with non-party Florida Intracoastal Underwriters, Limited Company (hereinafter "FIU.") to handle and process all claims made under property insurance policies that QBE sold to Florida condominium associations.

16. On behalf of QBE, FIU retained an independent adjusting company to inspect Plaintiff's property, document the loss, and report back to FIU concerning the loss.

17. Ultimately, Plaintiff's claim was closed, and no payments have ever been made to Plaintiff.

**III- COUNT I - ( SEEKING A DECLARATORY JUDGMENT CONCERNING COVERAGE FOR WINDOWS AND SLIDING GLASS DOORS, QBE'S DUTY TO ADJUST PLAINTIFF'S LOSS, AND PLAINTIFFS RIGHT TO HAVE THE DISPUTES CONCERNING THE AMOUNT OF LOSS RESOLED THROUGH APPRAISAL)**

18. By closing Plaintiff's Hurricane Wilma claim without payment, QBE has implicitly taken the position that the amount of Plaintiff's Hurricane Wilma claim was less than the policy deductible.

19. However, Plaintiff disagrees and believes that it has sustained covered damage well in excess of its deductible.

20. QBE has never provided any written explanation concerning why it believes that Plaintiff was not entitled to any indemnity for its Hurricane Wilma claim.

3

21. QBE has often taken the position that windows and sliding glass doors that that only provide access to a single individual condominium unit are not covered under the QBE policy form that was in effect when Hurricane Wilma struck.

22. However, this position is inconsistent with decisions of this Court and relevant administrative authority.

23. A significant portion of Plaintiff's claim involved damage caused by Hurricane Wilma to windows and sliding glass doors at Plaintiff's property that provide access to only one condominium unit.

24. Accordingly, Plaintiff believes that QBE's erroneous position concerning coverage for these windows and sliding glass doors resulted in a severe undervaluation of Plaintiff's claim, and thereby caused or contributed to QBE's failure to pay any indemnity to Plaintiff.

25. The adjusters and claim handlers that QBE contracted to handle its Hurricane Wilma claims routinely took the position that the insured was required to "present the claim."

26. However, the standard provisions in the QBE insurance policies in effect when Hurricane Wilma struck include a clause that states:

> **4. Loss Payment**
>
> …
>
> We [QBE] will determine the value of the lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any application provision which amends or supersedes the Valuation Condition.

>   (QBE policy form number CP 00 17 04 02, p.10 of 14)

27. The standard forms used in the QBE polices that were in effect when Hurricane Wilma struck also contain a clause which provides:

>   **8. Valuation**
>
>   We [QBE] will determine the value of the Covered Property in the event of loss or damage…
>
>   (QBE Policy Form CP 00 17 04 02 , p.11 of 14)

28. Furthermore, in *Vest v. Travelers Insurance Company,* 753 So.2d 1270, 1275-1276 (Fla. 2000), the Florida Supreme Court observed that an insurer is obligated to use its own expertise in evaluating an insured's claim.

29. Contrary to QBE's often stated position, QBE (not it's insured), is obligated to determine the amount of any covered loss in accordance with the scope of coverage provided by the insurance policy that it drafted.

30. However, QBE has never attempted to evaluate Plaintiff's claim. Or if it has, QBE has never disclosed its findings to Plaintiff.

31. The standard provisions of the QBE insurance policy that were in effect when Hurricane Wilma struck also contain a clause which provides:

>   **2. Appraisal**
>
>   If we and you disagree on the value of the property of the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made  by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their difference to the

> umpire. A decision agreed to by any two will be binding. Each party will:
>
> a. Pay its chosen appraiser; and
>
> b. Bear the other expenses of the appraisal and umpire equally.
>
> (QBE Policy Form CP 00 17 04 02, p. 9 of 14)

32. Florida courts, including the Florida Supreme Court, have repeatedly interpreted similar appraisal clauses as both authorizing and requiring disputes concerning causation of damages to be resolved through appraisal when it is admitted or proven that there has been a covered loss.

33. Accordingly, Plaintiff believes that any dispute concerning the amount of tits claim, including but not limited to disputes related to causation, must be resolved through appraisal. Therefore, in addition to other relief, Plaintiff seeks through this action an order compelling QBE to participate in appraisal pursuant to the appraisal clause in the subject insurance policy.

34. As a result of the foregoing, Plaintiff is in doubt concerning its rights under the QBE insurance policy and the extent of the coverage that it provides.

35. There is a bona fide, actual, present practical need for a declaration concerning the parties' rights and obligations relating to QBE insurance policy issued to Plaintiff.

36. Plaintiff seeks a declaration concerning its rights and QBE's obligations under the subject insurance policy. The declaration that Plaintiff seeks deals with an ascertainable state of facts and a present controversy concerning those facts.

37. The parties to this action have an actual, present, adverse, and antagonistic interest relating to the insurance policy described in the subject QBE insurance policy.

38. Plaintiff has been required to retain undersigned counsel to pursue this action. Pursuant to sections 627.428, Florida Statues, QBE should be ordered to pay Plaintiff's reasonable attorneys fees in bringing this action.

39. QBE has not, at any time prior to the date of this Complaint, requested any documents from Plaintiff in connection with its evaluation of Plaintiff's Hurricane Wilma claim.

40. QBE has not, at any time prior to the date of this Complaint, requested that Plaintiff appear for any examination under oath in connection with its evaluation of Plaintiff's Hurricane Wilma claim.

41. QBE has not, at any time prior to the date of this Complaint, requested that Plaintiff submit a proof of loss in connection with Plaintiff's Hurricane Wilma claim.

WHEREFORE, Plaintiff respectfully request that this Honorable Court take jurisdiction over this action and enter a declaratory judgment stating:

a) Plaintiff's Hurricane Wilma loss is covered under the QBE insurance policy described in Paragraph 8 above;

b) Pursuant to the terms of QBE's insurance policy, QBE is obligated to determine the amount of Plaintiff's covered Hurricane Wilma loss, and that it must do so immediately;

c) QBE is obligated to disclose to Plaintiff how it determined the amount of Plaintiff's Hurricane Wilma loss;

    d)    Windows and sliding glass doors that only provide access to individual condominium units are covered under the QBE insurance policy;

    e)    If the parties are unable to agree as to the amount of covered damage that Plaintiff sustained, that dispute must be resolved pursuant to the terms of the subject QBE insurance policy's appraisal clause;

    f)    In the event that an appraisal is necessary, that the Court will retain jurisdiction to appoint a neutral umpire and to reduce any resulting appraisal award to an enforceable judgment;

    g)    QBE is obligated to pay Plaintiff's attorney's fees pursuant to section 627.428, Florida Statutes.

### IV- COUNT IV – (SEEKING A DECLARATORY JUDGMENT THAT QBE'S FAILURE TO COMPLY WITH SECTION 627.701(4)(a) RENDERS ITS NON-COMPLIANT HURRICANE DEDUCTIBLE VOID)

42.    This is an action for declaratory judgment. The declaration sought herein would entitle Plaintiff to recover more than $75,000.

43.    Section 627.701(4)(a), Florida Statutes, requires a specific disclosure to be made in a font no smaller than 18 point whenever a property insurance policy contains a separate windstorm deductible.

44.    The standard forms that QBE used for its insurance policies that were effect when Hurricane Wilma struck South Florida contains a deductible provision that does not comply with section 627.701(4)(a) in that the disclosure is not in the required font size and does not include all of the language required by section 627.701(4)(a).

45. Thus, the required disclosure does not appear anywhere in the insurance policy that QBE issued to Plaintiff.

46. As a result of QBE's violation of Section 627.701(4)(a), the windstorm deductible is void.

47. The outcome of this declaratory judgment claim will be controlled by the ultimate resolution of *Chalfonte Condominium Apartment Ass'n v. QBE Insurance Corp.*, 561 F.3d 1267 (11th Cir., 2009), which involves identical facts. The Eleventh Circuit has certified a question concerning the remedies available for the violation Section 627.701(4)(a), to the Florida Supreme Court. As of the date of this pleading, the Florida Supreme Court has yet to decide that case.

WHEREFORE Plaintiff respectfully requests that this Honorable Court enter a declaratory judgment in favor of Plaintiff declaring that the hurricane deductible on the subject policy is void, and that QBE cannot withhold any amount for Plaintiff's claim in excess of the standard policy deductible.

Respectfully Submitted.

THE LAW OFFICES OF JEFFREY N. GOLANT, P.A.
1000 W.McNAB RD. Ste. 150
POMPANO BEACH, FL 33069
(954) 942-5270
Fax:(954) 942-5272
Email. jgolant@jeffreygolantlaw.com
By
**/S/ Jeffrey N. Golant Esq.**
Fla. Bar. No. 0707732
Attorney For Plaintiff